## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NAVAJO NATION,<br>A federally recognized Indian Tribe<br>Navajo Nation Department of Justice<br>Old BIA Club Building<br>Window Rock, Arizona 86515<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C.  20240<br><br>    and<br><br>DAVID BERNHARDT,<br>  in his official capacity as Secretary,<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C.  20240,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND MONEY DAMAGES

1.      Plaintiff Navajo Nation ("Nation") seeks relief for Defendants' violations of the

Indian Self-Determination and Education Assistance Act, as amended, 25 U.S.C. § 5301 *et seq.*

("ISDEAA"), and regulations promulgated thereunder.  The Nation submitted a proposed

Successor Annual Funding Agreement ("SAFA") for 2020 to the Department of the Interior

("Department") for their ISDEAA contract covering the Nation's Forestry Management Program.

Defendants declined the Nation's proposed SAFA and, pursuant to applicable regulations, the

Nation appealed this decision by requesting an Informal Conference.  Following this Conference, the Secretary's Designated Representative issued a Recommended Decision which became final for the Department after 30 days.  Nonetheless, Defendants have failed to implement this Decision.

## PARTIES

2.      The Nation is a federally recognized Indian Tribe whose reservation is approximately the size of West Virginia and is located in the states of Arizona, New Mexico and Utah.  The seat of the Nation's government is located in Window Rock, Arizona.

3.      The Department is an executive department within the United States government. The Bureau of Indian Affairs ("BIA") is a bureau within the Department. The Department's headquarters are located in Washington, D.C.

4.      The Secretary has overall responsibility for administering the Department and overseeing its constituent bureaus and programs, including the BIA, and contracting with Indian tribes under the ISDEAA. The Secretary's office is located in Washington, D.C.

## JURISDICTION AND VENUE

5.      This is a civil action arising  under the ISDEAA, 25 U.S.C. § 5331(a).  This Court has subject matter jurisdiction under  28 U.S.C. § 1331.

6.      Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b) and (e).

## FACTS

7.      The Nation and the Department (the "Parties") have entered into Contract No. Al8AV00262  covering the Nation's Forestry Management Program (the "Contract").

8.      Funding for self-determination contracts, such as the Contract, is implemented through Annual Funding Agreements (AFAs) and Successor Annual Funding Agreements (SAFAs).

2

9.      On September 28, 2019, the Nation submitted to the BIA its proposed 2020 SAFA for the Contract, which included and appended a proposed Statement of Work, which BIA received on September 30, 2019. *See* Exhibit A.

10.     By a letter of December 19, 2019, the BIA declined the Nation's proposed SAFA on the grounds that (1) "[t]he proposed project or function to be contracted for cannot be properly completed or maintained by the proposed contract" and (2) the "amount of funds proposed under the contract is in excess of the applicable funding level for the contract[.]" *See* Exhibit B.

11.     Pursuant to 25 C.F.R. § 900.153, the Nation timely requested an Informal Conference to appeal the BIA's declination decision.

12.     The Informal Conference was held on February 18, 2020 and was conducted by the Secretary's Designated Representative.

13.     On February 28, 2020, the Secretary's Designated Representative timely issued a Recommended Decision resolving the Nation's appeal.  *See* Exhibit C.

14.     The Recommended Decision concluded that the grounds for the BIA's declination were legally insufficient and did not meet the "statutory threshold requirement" for a declination. Exhibit C at p. 7.

15.     The Recommended Decision further concluded that the BIA should immediately approve and award funding of $717,736.77, which would resolve the contention in the declination decision that the amount of funds proposed under the contract is in excess of the applicable funding level for the contract.  Exhibit C at pp. 4-5.

16.     The Nation did not appeal the Recommended Decision and therefore it became final for the Department on March 30, 2020 after the 30 day appeal period expired.  25 C.F.R. § 900.157.

3

17.     The BIA has not complied with the Decision of the Secretary's Designated Representative after it became final for the Department on March 30, 2020.

18.     The BIA has not provided the Nation the funding for 2020 to which it is entitled.

19.     The ISDEAA provides that "the Secretary shall, within ninety days after receipt of [a tribe's] proposal, approve the proposal and award the contract unless the Secretary provides written notification to the applicant that … clearly demonstrates that" one of five enumerated grounds for declination exists.  25 U.S.C. § 5321(a)(2).

20.     Where the BIA declines a proposal on a ground that is legally insufficient, the result is that the proposal is approved.  *See Cook Inlet Tribal Council v. Mandregan*, 2019 WL 3816573, at * 10 (D.D.C. Aug. 14, 2019).

21.     Because the BIA's grounds for declining the Nation's 2020 SAFA were legally insufficient, the SAFA and the Statement of Work as proposed by the Nation on September 28, 2019 are approved as a matter of law.

## FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

22.     The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-21 above, as if fully set forth herein.

23.     The Nation is entitled to a judgment declaring that the 2020 SAFA and Statement of Work as proposed by the Nation on September 28, 2019 are approved and that Defendants must immediately award and provide applicable funding of at least $717,736.77 to the Nation.

## SECOND CLAIM FOR RELIEF—INJUNCTION

24.     The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-23, above, as if fully set forth herein.

25.     Under 25 U.S.C. § 5331(a), this Court may order injunctive relief against any

action by a government officer contrary to the ISDEAA or regulations promulgated thereunder, or mandamus to compel a government officer or employee to perform a duty provided under the ISDEAA or regulations promulgated thereunder.

26.     The Nation is entitled to injunctive relief compelling the Defendants to approve the 2020 SAFA and Statement of Work as proposed by the Nation on September 28, 2019 and to immediately award and provide applicable funding of at least $717,736.77 to the Nation.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Nation respectfully requests that the Court enter judgment in favor of the Nation and against Defendants:

A.     Declaring that the 2020 SAFA and Statement of Work as proposed by the Nation on September 28, 2019 are approved and that Defendants must immediately award and provide applicable funding of at least $717,736.77 to the Nation;

B.     Compelling the Defendants to approve the 2020 SAFA and Statement of Work as proposed by the Nation on September 28, 2019 and to immediately award and provide funding of at least $717,736.77 to the Nation; and

C.     Granting the Nation such other relief as the Court deems just and proper.

Dated this 27th day of April, 2020.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:     _____/s/ Steven D. Gordon_____
        Philip Baker-Shenk (D.C. Bar No. 386662)
        Steven D. Gordon (D.C. Bar No. 219287)
        800 17th Street, N.W., Suite 1100
        Washington, D.C.  20006
        Tel: (202) 955-3000  Fax: (202) 955-5564

        *Attorneys for Plaintiff the Navajo Nation*